File No. 202480

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE WILSON AND VIRGINIA WILSON,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>PETER M. ALBER, WERNER ENTERPRISES, INC., JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)<br><br>　　　　　Defendants. | CIVIL ACTION No. |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Removing Defendant, Werner Enterprises, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. At all material times, plaintiffs, JORGE WILSON AND VIRGINIA WILSON, were and are citizens of the State of New York. (See Plaintiffs' Complaint attached as Exhibit "A")

2. At all material times, defendant, Peter M. Alber, is a citizen of the state of New York.

3. At all material times, Removing Defendant, Werner Enterprises, Inc., is a corporation organized and existing under the laws of the State of Nebraska with a principal place of business in Omaha, Nebraska.

4. This action arises out of a motor vehicle accident that occurred on or about 8/21/19 on I-287 southbound in the Borough of Wanaque, County of Passaic, State of New Jersey. Plaintiffs, Jorge Wilson and Virginia Wilson ("Plaintiffs"), filed a Complaint in the

{J0695276.DOCX}

Superior Court of New Jersey, Passaic County on or about 7/1/21 which was docketed as PAS-L-2122-21. (See Exhibit "A").

5. This "Snap" Removal is being timely filed as Removing Defendant was served on or about 7/13/21 and defendant, Peter M. Alber, upon information and belief, has not yet been served. Therefore, removal is permissible. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018).

6. Although Plaintiff's Complaint does not contain an addendum clause, the complaint alleges plaintiffs "were caused to suffer serious bodily injuries and emotional distress of a permanent nature, were unable to return to their normal activities, and were obliged to expend monies for medical and hospital treatment in an effort to cure themselves of said injuries, and will in the future be compelled to expend large sums of money in an effort to alleviate said injuries, and sustained pain and suffering and suffered economic losses. (See Exhibit A at ¶¶ 6).

7. Further, pre-suit settlement demands of $125,000 (Victoria) and $50,000 (Jorge) have been made by counsel for plaintiffs. (See email from counsel to Removing Defendant attached as Exhibit "B")

8. If a Complaint does not allege a specific amount of damages, it is removeable if the removal petition contains a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014.)

9. In the absence of specific allegations of injury, categories of damages plausibly establish the amount in controversy. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 521-522 (D.N.J. 2007) (plaintiff's unopposed motion for remand was denied when the plaintiff alleged

unspecified personal injuries as the result of having been bitten by a raccoon on defendants' premises.)

10. As such, an amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, required by 28 U.S.C. § 1332(a).

11. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

    a. Plaintiffs are citizens of the State of New York;

    b. Removing Defendant, Werner Enterprises, Inc., is a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska; and

    c. Defendant, Peter M. Alber, was and is a citizen of the State of New York.

12. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

**WHEREFORE,** Removing Defendant, Werner Enterprises, Inc., prays that the above-captioned action now pending in the Superior Court of New Jersey, Passaic County, be removed therefrom to this Honorable Court.

        **SALMON RICCHEZZA SINGER & TURCHI, LLP**

        By: _____/s/_____
        Jeffrey A. Segal, Esquire
        123 Egg Harbor Road, Suite 406
        Sewell, NJ 08080
        Attorneys for Defendant
        Werner Enterprises, Inc.

Dated: 7/16/21

{J0695276.DOCX}

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the within captioned Notice of Removal was served via first class mail, postage prepaid on the below counsel for plaintiffs:

Neil S. Weiner, Esquire
Lynch Lynch Held Rosenberg, PC
440 State Route 17 North
Hasbrouck Heights, NJ 07604
Counsel for Plaintiffs

_____/S/_____
Ashley Steinberg, Legal Assistant to
Jeffrey A. Segal, Esquire

Dated: 7/16/21

{J0695276.DOCX}