**Neil S. Weiner, Esq. (029281997)**
**LYNCH LYNCH HELD ROSENBERG, PC**
440 Route 17 North
Hasbrouck Heights, NJ 07604
201-288-2022
Attorneys for Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON**

| | |
|---|---|
| **JORGE WILLSON AND VIRGINIA WILSON**<br><br>**Plaintiffs,**<br><br>-vs-<br><br>**PETER M. ALBER, WERNER ENTERPRISES INC., JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious),**<br><br>**Defendants.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br><br>Docket No: PAS-L-<br><br>**CIVIL ACTION**<br><br>**COMPLAINT** |

Plaintiff, **JORGE WILLSON AND VIRGINIA WILSON** residing at 21 Woodland Drive, Village of Suffern, County of Rockland, State of New York, by way of Complaint against the Defendants, **PETER M. ALBER, WERNER ENTERPRISES, JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious),** herein says:

## FIRST COUNT

1. On or about August 21, 2019, Plaintiff, **JORGE WILLSON**, was the owner and operator of a motor vehicle occupied by Plaintiff, **VIRGINIA WILSON**, as a passenger, that was traveling southbound on Interstate 287 in the Borough of Wanaque, County of Passaic, State of New Jersey.

1

2. On or about the same time and place, Defendant, **PETER M. ALBER** was the operator of a commercial motor vehicle owned by Defendant, **WERNER ENTERPRISES** traveling southbound on Interstate 287 in the Borough of Wanaque, County of Passaic, State of New Jersey.

3. Upon information and belief, Defendant, **PETER M. ALBER** was an agent, servant, and/or employee of Defendant, **WERNER ENTERPRISES**, at the time of the accident and was in the course of his employment with Defendant, **WERNER ENTERPRISES.**

4. Defendant, **WERNER ENTERPRISES** is vicariously liable for the negligence of Defendant, **PETER M. ALBER.**

5. On or about the same time and place, Defendant, **PETER M. ALBER** operated his commercial motor vehicle in such a careless and negligent manner thereby causing a collision between his commercial motor vehicle, and the vehicle occupied by Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON.**

6. As a direct and proximate result of negligence of the Defendants, **PETER M. ALBER AND WERNER ENTERPRISES** as aforesaid, Plaintiffs, **JORGE WILLSON AND VIRIGINIA WILSON** were caused to suffer serious bodily injuries and emotional distress of a permanent nature, were unable to return to their normal activities, and were obliged to expend monies for medical and hospital treatment in an effort to cure themselves of said injuries, and will in the future be compelled to expend large sums of money in an effort to alleviate said injuries, and sustained pain and suffering and suffered economic losses.

**WHEREFORE,** Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON** hereby demand judgment against Defendants, **PETER M. ALBER AND WERNER ENTERPRISES** for damages including but not limited to: compensatory damages; costs of suit; interest; and such other relief as the Court deems just and appropriate.

2

## SECOND COUNT

1. Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON** repeat each and every allegation of the First Count of the Complaint as if set forth at length herein.

2. On or about the same time and place, the motor vehicle being operated in a careless and negligent manner by the Defendant, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)** was owned by Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious).**

3. On or about the same time and place, Defendant, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)**, was the agent, servant, and/or employee and operated that vehicle with the permission of the Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10** (said names being fictitious).

4. As a direct and proximate result of negligence of the Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious)** as aforesaid, Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON** were caused to suffer serious permanent bodily injuries and emotional distress of a permanent nature, was unable to return to their normal activities, and was obliged to expend monies for medical and hospital treatment in an effort to cure themselves of said injuries, and will in the future be compelled to expend large sums of money in an effort to alleviate said injuries, and sustained pain and suffering and suffered economic losses.

**WHEREFORE,** Plaintiffs, **JORGE WILLSON AND VIRGINIA WILSON** demand judgment against the Defendants, **JOHN DOE 1-10 and/or ABC/XYZ COMPANY 1-10 (said names being fictitious),** for damages including but not limited to: compensatory damages; costs of suit; interest; and such other relief as the Court deems just and appropriate.

                                          **LYNCH LYNCH HELD ROSENBERG, PC**
                                          Attorneys for Plaintiffs, **JORGE WILLSON**
                                          **AND VIRGINIA WILSON**

                                          */s/ Neil S. Weiner*

                                          _____
Dated: July 1, 2021                          Neil S. Weiner, Esq.

4

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, attorney Neil S. Weiner, Esq., of The Lynch Law Firm, is hereby designated as trial counsel.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands answers to Uniform Form C and C (1) Interrogatories annexed hereto by all defendants within the time allowed under the Rules of Court.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured there under; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## CERTIFICATION

Pursuant to R. 4:5-1, I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

                                        **LYNCH LYNCH HELD ROSENBERG, PC**
                                        Attorneys for Plaintiffs, **JORGE WILLSON**
                                        **AND VIRGINIA WILSON**

Dated: July 1, 2021

                                        Neil S. Weiner, Esq.